UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRENT ELISENS,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )          1:25-cv-00647-SDN
                                        )
KENNEBEC COUNTY                         )
CORRECTIONAL FACILITY,                  )
et al.,                                 )
                                        )
            Defendants.

## ORDER AFFIRMING RECOMMENDED DECISION

This matter comes before the Court on Plaintiff Brent Elisens's pro se complaint asserting claims under 42 U.S.C § 1983 for alleged deprivation of his Eighth Amendment rights. ECF No. 1. Mr. Elisens alleges he suffered delayed and inadequate medical treatment while confined at the Kennebec County Correctional Facility ("Correctional Facility"). *Id*. at 1. Mr. Elisens names as Defendants the Correctional Facility, its contracted psychiatric services provider, and various medical staff. *Id*.

On May 19, 2026, the Magistrate Judge recommended dismissing Mr. Elisens's complaint in part. ECF No. 8. Mr. Elisens subsequently objected to the Recommended Decision. ECF No. 9. The Court reviewed and considered the Recommended Decision, together with the entire record, and has made a de novo determination of all matters to which Mr. Elisens properly objected. For the following reasons, the Court **AFFIRMS** the Recommended Decision and **DISMISSES** Mr. Elisens's complaint as to all Defendants except Defendant Grace Pearson.

1

## DISCUSSION

Mr. Elisens alleges that during his June 19, 2024, through August 12, 2024, confinement at the Correctional Facility, medical staff did not provide him with his prescription medication as required. ECF No. 1 at 1. He entered the Correctional Facility with two prescribed medications, including one for post-traumatic stress disorder, which jail medical staff failed to properly dispense. *Id*. He suffered severe neurological and gastrointestinal symptoms as a result and reports that a member of the medical staff, Ms. Pearson, told him she "was not going to do anything" when he sought care for his symptoms. *Id*. at 2.

In his Recommended Decision, the Magistrate Judge concluded that Mr. Elisens adequately states an Eighth Amendment deliberate indifferent claim only as to Ms. Pearson. ECF No. 8 at 6. The Magistrate Judge determined that Mr. Elisens sufficiently alleges both a serious medical condition and resulting harm from Ms. Pearson's denial of his prescribed medication, satisfying the objective prong, and that her express refusal to provide that medication plausibly demonstrates deliberate indifference, satisfying the subjective prong. *Id*. at 5–6. The Magistrate Judge recommended dismissing the remaining Defendants for failure to allege facts sufficient to support a deliberate indifference claim against them. *Id*. at 6.

Mr. Elisens filed a timely objection to the Recommended Decision, challenging the dismissal of all Defendants except Ms. Pearson. ECF No. 9. He asserts the complaint adequately pleads a policy, custom, or practice of deliberate indifference to serious

medical needs sufficient to hold Kennebec County[1] liable, and that it similarly alleges deliberate indifference by the remaining Defendants. *Id*. at 1. The Court addresses each objection in turn.

Because Mr. Elisens is proceeding pro se, the Court liberally construes both his objection and complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court first considers whether the complaint plausibly alleges Kennebec County maintained a policy, custom, or practice of deliberate indifference to serious medical needs sufficient to establish *Monell* liability. ECF No. 9 at 1. Mr. Elisens argues his allegations regarding repeated grievances, internal reports, and family communications with jail staff plausibly show that Kennebec County decisionmakers had actual notice of ongoing deficiencies in his medical care, yet failed to intervene, permitting practices such as unsafe medication tapering to persist. *Id*. He contends these facts suggest a widespread custom or practice of deliberate indifference—or alternatively, a failure to adequately train or supervise—that caused the constitutional injury. *Id*.

To assert an actionable claim against a municipality for a constitutional deprivation under 42 U.S.C. § 1983, the plaintiff bears the burden of identifying a municipal policy, custom, or practice that caused the deprivation. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997). Identifying a policy, custom, or practice requires the plaintiff to allege facts supporting an inference that municipal decision makers knew or reasonably should have

---

[1] Because the Correctional Facility is not a proper party to this lawsuit, the Magistrate Judge correctly construed the complaint as stating a claim against Kennebec County. *See, e.g., Collins v. Kennebec Cnty. Jail*, No. 12-cv-00069, 2012 WL 4326191, at *3 (D. Me. May 31, 2012) ("The Kennebec County Jail is not a governmental entity or a proper party defendant to this lawsuit. It is a building."); *Leary v. York Cnty. Jail*, No. 22-cv-00256, 2023 WL 2423495, at *3 (D. Me. Mar. 9, 2023), *report and recommendation adopted*, 2023 WL 2954920 (D. Me. Apr. 14, 2023) (construing pro se allegations against York County Jail as "attempting to assert a claim against York County").

known of the practice and did nothing to stop it. *See Miller v. Kennebec Cnty.*, 219 F.3d 8, 12 (1st Cir. 2000). A municipality is not vicariously liable for a constitutional deprivation simply because a municipal employee caused the deprivation. *See, e.g.*, *Welch*, 542 F.3d at 941; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Rather, the execution of the policy or custom must be the moving force behind the injury. *Monell*, 436 U.S. at 691; *Miller*, 219 F.3d at 12.

The Recommended Decision correctly concludes that Mr. Elisens fails to plausibly allege a Kennebec County policy, custom, or practice that served as the moving force behind his alleged constitutional deprivation. In his objection, Mr. Elisens identifies no factual allegations that the Magistrate Judge overlooked—he reiterates only that he submitted grievances and reports, family members contacted jail staff, and administrators failed to intervene. ECF No. 9 at 1. Those allegations concern Mr. Elisens's own medical treatment and, even accepted as true, do not support a plausible inference that Kennebec County decisionmakers maintained or knowingly acquiesced in a widespread policy or custom of deliberate indifference, nor that any deficiency in County training or supervision rose to that level.

Mr. Elisens argues that, because of the Correctional Facility's small size, Defendants "cannot plausibly claim ignorance of an inmate undergoing acute, visible neurological and physical distress . . . when written administration reports are actively piling up on supervisors' desks." ECF No. 9 at 1. But the complaint alleges no facts from which the Court can infer that Kennebec County decisionmakers had actual or constructive knowledge of a widespread unconstitutional practice, much less that they acquiesced to it. The allegations therefore fall short of stating a plausible claim for

4

municipal liability under *Monell*. Mr. Elisens likewise does not plausibly allege a failure-to-train claim, as the complaint contains no allegations that Kennebec County decisionmakers knew or should have known that training was inadequate, yet acted with deliberate indifference[2] "to the constitutional rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *see Haley v. City of Bos.*, 657 F.3d 39, 52 (1st Cir. 2011) ("Triggering municipal liability on a claim of failure to train requires a showing that municipal decisionmakers either knew or should have known that training was inadequate but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies."); *Sanchez v. Pereira–Castillo*, 590 F.3d 31, 50 (1st Cir. 2009) (deliberate indifference for failure to train cannot be inferred and must be shown on the face of the complaint).

The Court next considers Mr. Elisens's claims against the remaining Defendants. In his objection, Mr. Elisens argues the complaint adequately alleges Defendants' deliberate indifference to his serious medical needs. ECF No. 9 at 1. While Mr. Elisens names the Correctional Facility's contracted psychiatric services provider (Correctional Psychiatric Services) and various medical staffers (Ms. Pearson, Naomi, Jamie, Dawn, Cat, and Susan) as Defendants, ECF No. 1 at 1, the complaint contains no individual allegations against Naomi, Dawn, or Cat, and does not explain how Correctional Psychiatric Services was directly involved in any constitutional violation. Because the complaint lacks particularized assertions as to each of these Defendants, the claims

---

[2] The term "deliberate indifference" has different meanings based on the claims asserted. In the context of a municipal failure-to-train claim under § 1983, "deliberate indifference" is an objective inquiry that asks whether the municipality "disregarded a known or obvious risk of serious harm from its failure to develop a training program" related to the practice at issue. *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 28 (1st Cir. 2005); *Farmer v. Brennan*, 511 U.S. 825, 840–41 (1994). Thus, allegations that an individual acted with deliberate indifference to a plaintiff's medical needs do not, standing alone, establish that a municipality acted with deliberate indifference for purposes of a failure-to-train claim.

against them must be dismissed. *See Dewey v. Univ. of N.H.*, 694 F.2d 1, 3 (1st Cir. 1982), *cert. denied*, 461 U.S. 944 (1983) (a valid § 1983 claim requires "minimal facts, not subjective characterizations, as to who did what to whom and why"); *Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015) (requiring § 1983 plaintiffs to show "that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety" (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

Further, the allegations against Susan consist solely of her offering counseling to "replace" Mr. Elisens's medication and allegedly misleading Mr. Elisens into signing a release form. ECF No. 1 at 2. The complaint further alleges Jamie "repeatedly" disconnected calls from Mr. Elisens's family members when they attempted to inquire about his medical status and withdrawal symptoms. *Id.* at 2–3. None of these allegations amount to deliberate indifference. *See, e.g.*, *Buckley v. Cichon*, No. CIV. 00-121, 2001 WL 68303, at *2 (D. Me. Jan. 25, 2001) ("While [plaintiff's] complaint describes complications arising from a serious medical condition . . . he does not allege any facts that would suggest that [defendant's] medical judgment was absurd or that improper reasons were given for refusing treatment." (quotation modified)); *see also Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993) ("The courts have consistently refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment, or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment."). Accordingly, because "it is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983, all Defendants except

Ms. Pearson must be dismissed. *Vélez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)).

Having conducted a de novo review of the portions of the Recommended Decision to which Mr. Elisens properly objected, the Court finds the Magistrate Judge's analysis to be well-reasoned and supported by the record. Accordingly, the Court adopts and affirms the Magistrate Judge's Recommended Decision in its entirety.

**CONCLUSION**

For the foregoing reasons, and for those already explained in the Magistrate Judge's Recommended Decision, Mr. Elisens's objection, ECF No. 9, is **OVERRULED**. The Recommended Decision, ECF No. 8, is **ADOPTED** and **AFFIRMED** in its entirety. Accordingly, the Court **DISMISSES** the complaint as to all Defendants except Ms. Pearson. ECF No. 1.

SO ORDERED.

Dated this 1st day of July, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE